NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2581
_____

TAJIMIER,
Appellant

v.

MONTCLAIR STATE UNIVERSITY; CHRIS
TRAUTMAN, Montclair State University Conduct Office;
MONTCLAIR STATE UNIVERSITY CONDUCT DEPARTMENT;
MONTCLAIR STATE UNIVERSITY POLICE DEPARTMENT;
YOLANDA ALVAEREZ; MARGAREE COLEMAN-CARTER;
FATIMA DECARVAHLO; KERA MCANDREW; MICHAEL
PALAZZOLO; JOHN DOES 1-10, MSU Staff & Administration
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:25-cv-02024)
District Judge:  Honorable Madeline Cox Arleo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 7, 2026

Before:  KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed  April 16, 2026)
_____

OPINION*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

The plaintiff and appellant in this matter, who has gone by the sole name Tajimier in this litigation,[1] appeals from orders entering a filing injunction against him and denying his request for relief under Fed. R. Civ. P. 59(e) and 60(b). We will affirm.

## I.

Tajimier filed a complaint pro se raising matters concerning his time as a student at Montclair State University, including his suspension from a recreation center and the performance of a wellness check apparently occasioned by his communications with staff. Tajimier then began to inundate the District Court with sovereign-citizen-like filings, some of which he styled as more complaints.

In response to these filings, the court advised Tajimier that it was unable to properly screen his complaint as required by its grant of in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). Thus, the court struck Tajimier's filings and ordered him to file a single, consolidated complaint in compliance with Fed. R. Civ. P. 8. (ECF No. 17.) Tajimier then filed what he styled as a "final consolidated federal complaint." (ECF No. 18.) The court screened that complaint and dismissed it without prejudice. (ECF No. 28.) The court explained that Tajimier's consolidated complaint did not contain any factual allegations and instead consisted of references to stricken documents and conclusory demands for relief. The court gave Tajimier 14 days to file an amended

---

[1] Tajimier sometimes more fully identifies himself as "Tajimier—a private sovereign citizen and principal director of Tajimier, Inc."

complaint that cured these defects under penalty of dismissal with prejudice. When the court did not receive an amended complaint within that time, it dismissed the complaint with prejudice and closed the case. (ECF No. 34.)

Tajimier—who had continued to inundate the court with filings—then filed motions properly construed as seeking reconsideration under Rule 59(e). (ECF Nos. 35 & 39.) In those filings, Tajimier advised the court that he had indeed submitted an amended complaint at ECF. No. 36-1 (as an attachment to a document titled "formal notice of default and sovereign override"). In response, the court acknowledged that Tajimier had timely filed an amended complaint. (ECF No. 44.) The court further explained that it had not received the amended complaint by the time of its prior ruling because of a docketing delay. But the court declined to reconsider its dismissal because Tajimier's amended complaint suffered from the same defects as his previous complaint.

The court followed that order with two more in which it denied Tajimier's various repeated filings. (ECF Nos. 49 and 51.) In the second of those orders, the court directed Tajimier to show cause why it should not enter a pre-filing injunction barring him from filing further documents without leave of court. After Tajimier filed a response, the court entered a preclusion order barring him from filing, without leave court, more documents in this action or any new complaint related to matters alleged in his previous complaints. (ECF No. 56.) By the time the court issued that ruling, Tajimier had filed several more documents, including a motion to reopen the case under Rules 59(e) and Rule 60(b). (ECF No. 55.) The court denied that motion too and reiterated its preclusion order. (ECF No. 59.) Tajimier appeals, and we have jurisdiction under 28 U.S.C. § 1291.

3

## II.

Tajimier asserts in his notice of appeal that he is challenging the District Court's preclusion order at ECF No. 56 and its denial of reopening at ECF No. 59. His brief does not meaningfully challenge these orders or any other. But even if we liberally construed his brief to challenge these orders, we would discern no error.

First, the District Court did not abuse its discretion in entering its preclusion order. *See Brow v. Farrelly*, 994 F.2d 1027, 1032 (3d Cir. 1993). Tajimier's repeated vexatious filings and disregard of various filing-related orders fully warranted consideration of some type of filing restriction. Before imposing one, the court properly gave Tajimier notice and a chance to respond. *See id.* at 1038. And when the court ultimately entered its preclusion order, it narrowly tailored the order to preclude only further filings in this case and new complaints related to the matters alleged in Tajimier's previous complaints. *See id.* Tajimier has not raised anything suggesting that the court abused its discretion under these circumstances, and it did not.

Second, the court also did not abuse its discretion in denying reopening under Rules 59(e) or 60(b). *See Long v. Atl. City Police Dep't*, 670 F.3d 436, 446 (3d Cir. 2012); *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008). The court previously gave Tajimier three chances to file a single complaint that contained all of his claims and allegations and complied with Rule 8. The court eventually dismissed Tajimier's complaint with prejudice after he failed to do so. In his motion to reopen, Tajimier asserted that he had "new evidence" supporting his claims and showing that the court erred in dismissing them. But as the court explained, that purported new evidence

4

consisted of a voluminous compilation of Tajimier's previous filings and other documents predating the dismissal of his complaint.  (ECF No. 57.)  Tajimier did not provide the court with any valid reason to reopen the case on the basis of these materials, and the court did not abuse its discretion in declining to do so.

On a final note, Tajimier asserts in his notice of appeal that he also is challenging all of the District Court's other orders leading to its denial of reopening, which would include the court's underlying order of dismissal with prejudice.  But Tajimier's appeal from the denial of reopening does not bring that underlying order up for review because his notice of appeal was untimely as to that order and his motion to reopen did not serve to further toll the deadline to appeal.  *See Long*, 670 F.3d at 446 n.20.[2]

Even if there were a basis to liberally construe some of Tajimier's filings in order to reach the underlying order of dismissal, he has not raised any meaningful challenge to that order either and we see no grounds for one.  In the face of Tajimier's numerous

---

[2] The District Court dismissed Tajimier's complaint with prejudice by order entered June 11, 2025, and the 30-day deadline to appeal was tolled until the court denied his subsequent timely motion for reconsideration by order entered June 27, 2025.  *See* Fed. R. App. P. 4(a)(1)(A), 4(a)(4)(A).  The June 27 order declined relief from the dismissal but changed its basis and thus arguably triggered a new Rule 4(a)(4)(A) period.  Even if it did, any potentially tolling motion was due to be filed 28 days later or by July 25.  *See* Fed. R. App. P. 4(a)(4)(A)(v) and (vi); Fed. R. Civ. P. 59(e).  But Tajimier did not file the evidence underlying his motion to reopen until July 27 and did not file the motion itself until July 31.  That motion thus did not further toll the deadline for appealing from the order of dismissal, which expired before Tajimier filed his notice of appeal on August 13, and Tajimier's appeal from the denial of reopening thus does not bring the underlying order of dismissal up for review.  *See Long*, 670 F.3d at 446 n.20.  And although Tajimier filed numerous other documents following the June 27 order, those sovereign-citizen-like documents did not request any discernible relief and we do not construe them as motions with tolling effect under Rule 4(a)(4)(A).

filings, the District Court did not abuse its discretion in requiring him to file a single, consolidated complaint. Nor did the court err in concluding that neither that consolidated complaint nor Tajimier's amended complaint complied with Rule 8. Tajimier also raised nothing in the District Court, and has raised nothing on appeal, suggesting that he could cure the defects that the court identified or could otherwise assert any potentially valid claim if given another chance.

III.

For these reasons, we will affirm the judgments of the District Court. Tajimier's motions in this Court, including his motions to seal his various filings and for a waiver of PACER fees, are denied.[3]

---

[3] Tajimier requests a waiver of PACER fees for this appeal "given the volume and frequency of filings in this matter." But because Tajimier is the only litigant participating in this appeal, all of these filings are his own. Tajimier has not otherwise shown that a waiver of PACER fees or any other relief is warranted.